IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFRED L. FLAMER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-750-GMS |
| ) | |
| SUPERIOR COURT OF NEW ) | |
| CASTLE COUNTY, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

## I. INTRODUCTION

Presently before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Alfred L. Flamer, Jr. (D. I. 1) For the reasons set forth below, the court will summarily dismiss the petition as moot.

## II. BACKGROUND

On June 21, 2010, Flamer pled guilty to a drug offense and was sentenced, effective January 18, 2010, to two years at Level V incarceration, suspended for one year of Level III probation. *Flamer v. State*, No.707,2010, Order (Del. June 27, 2011). Flamer was arrested for violating his probation on September 8, 2010 and held overnight in at the Howard R. Young Correctional Institution in Wilmington, Delaware. He was moved to the Sussex Violation of Probation Center on September 9, 2010. (D.I. 1) On September 21, 2010, the Delaware Superior Court found that Flamer had violated his probation, and sentenced him ("VOP sentence") to two years at Level V, suspended after one year with no probation to follow. *Flamer*, No.707,2010,

Order (Del. June 27, 2011). The sentence was effective as of September 11, 2010. *Id.* However, on November 19, 2010, the Superior Court modified his VOP sentence ("amended VOP sentence") to credit Flamer with two days previously served. *Id.*

Flamer appealed, arguing that the original sentence did not credit him with five months that he spent incarcerated prior to the guilty plea proceedings. *Id.* The Delaware Supreme Court affirmed the Superior Court's judgment in part with respect to that particular argument. However, the Delaware Supreme Court remanded the case to the Superior Court to correct the amended VOP sentence to impose no more than one year at Level V. *Id.*

Flamer was moved to the Sussex Correctional Institution ("SCI") on September 23, 2010, where he remained there until he was released from custody on or about August 29, 2011. The documents attached to Flamer's petition indicate that his sentence was completely discharged as of September 21, 2011. (D.I. 1)

Flamer filed the instant § 2254 petition on August 24, 2011, approximately five days prior to being released. The petition asserts one claim: when on remand, the Superior Court improperly changed the effective date of his amended VOP sentence from September 9, 2010 to September 21, 2010. In essence, Flamer contends that he has been held past the expiration of his sentence and asks the court to order his immediate release. *Id.*

## III. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State

court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal citations omitted). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *Kissinger*, 309 F.3d at 180.

## IV. DISCUSSION

As explained in the court's order dated November 29, 2011, (D.I. 4.), it appears that Flamer was released from custody around or on August 29, 2011. It also appears that Flamer's sentence was completely discharged as of September 21, 2011. Given these circumstances, the court ordered Flamer to show cause in writing by January 13, 2012 why the petition should not be dismissed as moot, and explained that failure to file a timely response would result in the court's ruling on the petition as currently pending. *Id.* Rather than show cause, however, Flamer merely indicated on his AEDPA election form that he is seeking relief under the Fifth Amendment. (D.I. 5) Accordingly, the court will summarily the dismiss the petition as moot.

## V. CONCLUSION

For the aforementioned reasons, the court will summarily dismiss Flamer's § 2254 petition as moot. The court will also decline to issue a certificate of appealability because Flamer has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: May 18 , 2012

_____
CHIEF, UNITED STATES DISTRICT JUDGE